UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY ALTAMIRANO SERMENO,

Plaintiff,

v.

CALIFORNIA LEGISLATURE,

Defendant.

No.  2:18-cv-1175 MCE DB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Before the court is plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.  Because the court finds plaintiff's complaint fails to state a claim under § 1983, this court does not address the motion to proceed in forma pauperis and will recommend dismissal of this action.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

## II. Analysis

In his complaint, plaintiff, who is currently incarcerated at the California Substance Abuse Treatment Facility, appears to be challenging California laws which he claims will prohibit his association with minors upon his release. Plaintiff's complaint fails to state a claim under § 1983 for several reasons.

First, plaintiff's claim is premature. Because he is incarcerated, plaintiff is not currently being subjected to any conditions on his release. Thus, he has not yet suffered any injury. This court only has jurisdiction to consider a party's claim if that party has "standing." To establish standing under Article III of the Constitution, a plaintiff must demonstrate: (1) "an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized," meaning that the injury must "affect the plaintiff in a personal and individual way," and (b) " 'actual or imminent,' not 'conjectural' or 'hypothetical' "; (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court' "; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560–61 (1992) (internal citations omitted). Each element of standing is "an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." <u>Id.</u> at 561. Plaintiff does not have standing at this time to raise a claim regarding the effects of a condition to be imposed upon him in the future.

Second, plaintiff fails to identify a proper defendant. Section 1983 requires a showing of a violation committed by a "person acting under the color of state law." Neither a state nor "arms of the State" are "persons" within the meaning of § 1983. <u>See</u> <u>Hale v. Arizona</u>, 993 F.2d 1387,

*////*

1398 (9th Cir.1993) (citing <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 65-66 (1989)).

Therefore, the legislature is not an appropriate party to this action.

Third, to the extent plaintiff is challenging an aspect of his conviction or sentence, that challenge should be made through a petition for a writ of habeas corpus under 28 U.S.C. § 2254. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement").

## III.     No Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. <u>Id.</u> at 1130-31; <u>see also</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at 1005-06.

The undersigned finds that, as set forth above, plaintiff's allegations against defendant cannot establish a plausible § 1983 claim as a matter of law and amendment would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

////

4

1  time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  Dated:  October 19, 2018

4

5  _____

6  DEBORAH BARNES
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14  DLB:9
    DLB1/prisoner-civil rights/serm1175.scrn

15

16

17

18

19

20

21

22

23

24

25

26

27

28